IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUESTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND,<br><br>              Plaintiffs,<br>v.<br><br>KYLER CONSTRUCTION, INC.,<br><br>              Defendants. | CIVIL ACTION |

## **C O M P L A I N T**

Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Nicholas E. Kasmer, complain of the Defendant, Kyler Construction, Inc., as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132, 1145), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Supplemental Retirement Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

## COUNT I

3. Plaintiffs hereby re-allege and adopt by reference as if set forth fully herein paragraphs 1 through 2 of this complaint as paragraphs 1 through 2 of this Count I.

4. The Defendant, is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

5. The Collective Bargaining Agreement also binds the Defendant, to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

6. The Defendant, is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, The Defendant, is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

7. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, The Defendant, is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

8. The Defendant, breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period October 1, 2018, through the present, after demand for audit was made upon the Defendant.

9. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

10. The Defendant, is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

11. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), the Defendant, is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant, be required to provide access to its records within ten (10) days for the period of October 1, 2018, through the present, so that the audit can be completed.
B. That the Defendant, be ordered to pay all contributions shown to be due upon completion of the audit.
C. That the Defendant, be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
D. That the Defendant, be ordered to pay liquidated damages and interest.
E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

## COUNT II

13. Plaintiffs hereby re-allege and adopt by reference as if set forth fully herein paragraphs 1 through 2 of this complaint as paragraphs 1 through 2 of this Count I.

14. The Defendant entered into a Collective Bargaining Agreement with the Union that binds the Defendant to the provisions of the Collective Bargaining Agreement, and Declarations of Trust that created the Trust Funds ("Trust Agreements").

15. The Collective Bargaining Agreement and Trust Agreements stipulate that the Defendant must provide access to their books and records upon request from the Trust Funds. Access to the Defendants' books and records are required to ensure compliance with the Collective Bargaining Agreement, the Trust Agreements, and to obtain information that may be used to file mechanics liens to collect unpaid contributions and/or in anticipation of collecting unpaid contributions.

16. The Defendant is required to make contributions to the Trust Funds for each hour worked by Union member employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements.

17. The Defendant is required under the Collective Bargaining Agreements and Trust Agreements to submit to the Funds documents showing hours worked by Union members each month.

18. Plaintiffs were recently informed by multiple Union members that they had been working for the Defendant with no corresponding contributions made to the Funds on their behalf with the earliest working date being February of 2019.

19. The Plaintiffs require immediate access to the Defendants' payroll, job contracts, job cost records, state unemployment wage reports, W-2s, bank statements, and accounts receivable ("Business Records") for the period of February 1, 2019 through the present to determine what amounts are owed for those corresponding months.

20. The Plaintiffs require immediate access to the Defendants' Business Records to obtain the requisite information to perfect mechanic liens to collect from third parties amounts owed by the Defendants.

21. The Plaintiffs have requested access to the Defendants' Business Records in the following manner and occurrences:

    A. On July 26, 2019, Plaintiffs sent an initial letter by UPS requiring the review of the Defendants' Business Records on a priority audit.

    B. Plaintiffs auditors attempted to reach out to the Defendant to schedule an appointment for document review, but the Defendant was unreachable each time.

    C. On July 31, 2019, a correspondence from the Plaintiffs' Counsel was sent to the Defendant regarding a need for access to the Defendants records.

    D. As of the filing of this lawsuit the Defendant has failed to respond to the Plaintiffs repeated attempts to review the needed records.

22.     Providing access to the requested documents should occur because of 1) the ability of the Plaintiffs to file mechanics liens on ongoing projects and protect the elgibility and ongoing needs of its beneficiaries, 2) the likelihood of succces in obtaining the requested documents, 3) the Defendant will not be harmed by this request as it already has an obligation to provide such, and 4) providing access serves the public interest.

23.     The Defendant, is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiffs pray:

A. That the Defendant, be required to provide Plaintiffs access to Defendant's payroll, job contracts, job cost records, state unemployment wage reports, W-2s, bank statements, and accounts receivable ("Business Records") within five (5) days for the period of February 1, 2019 through the present.
B. That Defendant, the Defendant, be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
C. That Plaintiffs have such other and further relief as this Court may be deemed just and equitable all at the Defendants' cost.

                Respectfully Submitted,

                TRUSTEES OF THE CHICAGO REGIONAL COUNCIL PENSION FUND, et al.

                /s/ Nicholas E. Kasmer
By: _____
                Nicholas E. Kasmer

Attorney for Plaintiffs
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601